IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION


| | | |
|---|---|---|
| **Cara Applegate**, | ) | C/A 2:12-0738-CWH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Kiawah Development Partners, Inc.,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This action has been filed by the Plaintiff asserting claims under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615. Plaintiff also asserts a state law claim for breach of contract. The Defendant filed a motion on April 5, 2012 pursuant to Rule 12, Fed.R.Civ.P, for dismissal of Plaintiff's breach of contract claim. Plaintiff opposes Defendant's motion.

      Defendant argues that it is entitled to dismissal of Plaintiff's cause of action for breach of contract because Plaintiff was at all times an at-will employee. Plaintiff alleges in her Complaint that she was employed by the Defendant as a financial manager for approximately eight (8) years, that she received promotions and good evaluations throughout her eight year employment with the Defendant, and that pursuant to an Employment Agreement signed in April of 2010, she received a significant increase in her wages, retroactive to January 1, 2010. Plaintiff alleges that this



1

Employment Agreement further provided that performance evaluations beyond June 2010 were to be conducted on an annual basis. While Plaintiff concedes in her Complaint that the Employment Agreement states that Plaintiff's employment was "at-will", Plaintiff alleges that it nevertheless constituted a contract of employment because it used the term "'annual' three (3) times, and states that it will be reviewed for renewal at the end of the year, inferring that it was a contract for employment for at least one year. Plaintiff alleges that she was terminated by the Defendant on September 7, 2010, before the expiration date of her Employment Agreement, and that she is therefore owed wages for September through December 2010. Plaintiff seeks actual damages and interest for the Defendant's wrongful breach of her Employment Agreement. See generally, Plaintiff's Complaint.

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). However, as correctly noted by the Defendant in it's brief, in addition to the factual allegations of the Complaint, the Court may also consider as part of the review of the 12(b) motion any document that is "integral to and explicitly relied on in the Complaint". Phillips v. LCI International, Inc., 190 F.3d 609, 618 (4th Cir. 1999). Indeed, both the Defendant and the Plaintiff have provided copies of the Employment Agreement at issue (although only the Defendant's copy is a signed copy) as attachments to their respective briefs. Therefore, in reaching a decision on Defendant's motion the undersigned has considered both the allegations of the Complaint and the text of the Employment



Agreement itself.  Phillips, 190 F.3d at 618.

Plaintiff argues that the Defendant's motion should be denied because the terms of the Employment Agreement are ambiguous as to whether a contract for continued employment was being created, and are susceptible of more than one interpretation.  Klutts Resort Realty, Inc. v. Down' Round Dev. Corp., 232 S.E.2d 20, 25 (S.C. 1977)[An ambiguous contract is one that . . . "is unclear in meaning because it expresses its purpose in an indefinite manner"].  However, after careful review and consideration of the allegations of Plaintiff's Complaint and the Employment Agreement at issue under the applicable standard for a Rule 12 Motion to Dismiss, the undersigned is constrained to agree with the Defendant that Plaintiff has not set forth sufficient factual allegations to establish a plausible claim for breach of contract.

The necessary elements of a contract are an offer, acceptance, and valuable consideration.  Roberts v. Gaskins, 486 S.E.2d 771, 773 (S.C. 1997), citing Carolina Amusement Co., Inc. v. Connecticut Nat'l Life Ins., Co., 437 S.E.2d 122 (S.C. Ct. App. 1993).  With respect to employment, however, there is a presumption in South Carolina that employees are at-will, and therefore in order to survive a Rule 12 Motion to Dismiss on a claim for breach of a contract of employment, a Plaintiff must "plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . .".  Perrine v. G4S Solutions (USA), Inc., No. 11-1210, 2011 WL 3563110, at * 2 (D.S.C. Aug. 9, 2011)["[T]here is a presumption in South Carolina that employees are at-will, and in order to survive a Rule 12 motion to dismiss on a claim for breach of a contract of employment, a Plaintiff must 'plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . .'"], quoting



Amason v. P. K. Management, LLC, No. 10-1752, 2011 WL 1100169, at * 6 (D.S.C. Mar. 23, 2011); see also Prescott v. Farmer's Tel. Co-Op., Inc., 516 S.E.2d 923, 927, n. 8 (S.C. 1999)[In South Carolina, "there is a presumption of at-will employment'].

Here, a review of the allegations of the Complaint shows that Plaintiff has only alleged that she had a contract of employment with the Defendant because the Employment Agreement at issue established her salary and established that she was to have performance evaluations conducted on an annual basis. Complaint, at ¶¶ 12, 13, 43 and 44. However, Plaintiff acknowledges in the allegations of her Complaint that the Employment Agreement at issue also specifically provided that:

> Your employment with [the Defendant] is at-will and neither this Agreement nor any oral or written representations may be considered a contract for any specific period of time. Both parties retain the option of ending your employment with [the Defendant] at any time, with or without notice and with or without cause.

See Defendant's Exhibit 1, p. 2; Plaintiff's Exhibit, p. 2.

While Plaintiff argues in her brief that the description of the nature of her employment and the terms and conditions thereof as contained in the Complaint and the Employment Agreement itself are sufficiently ambiguous as to whether a contract of employment had been created to maintain her breach of contract claim, at least for purposes of a Rule 12 motion to dismiss, the undersigned can find no such ambiguity in the terms of the Agreement. S. C. Dep't of Natural Resources v. Town of McClellanville, 550 S.E.2d 299, 302-303 (S.C. 2001)[Whether language used in a contract is ambiguous is a question of law for the court]. While the Employment Agreement at issue does establish Plaintiff's salary, how often she is to have employee reviews, and also addresses other general employment issues such as health insurance and vacation time, these terms do not

4



establish the existence of an employment "contract". Any job is going to involve an offer (by the employer) and acceptance (by the employee), as well as the terms of the proffered employment (such as salary, etc.), all of which are included in the Employment Agreement and are alleged in the Complaint. That does not, however, mean that Plaintiff had a "contract" for continued employment, nor does the fact that the Agreement indicates that the terms of the Agreement will be subject to annual review make it a contract for a definite term. Just the opposite; the Employment Agreement specifically provides that it is *not* "a contract for any specific period of time", and that "[b]oth parties retain the option of ending [Plaintiff's] employment with [the Defendant] at any time, with or without notice and with or without cause." Defendant's Exhibit 1, p 2. See also Cape v. Greenville County School District, 618 S.E.2d 881 (S.C. 2005)[Unless altered by express contract provisions, an employment contract for an indefinite term is presumptively terminable at will]; Cox v. Handcrafted Homes, LLC, et al., No. 09-2811, 2010 WL 2079724, at * 4 (D.S.C. May 24, 2010)[Acknowledging general rule that statements concerning annual compensation do not rebut the presumption of at-will employment].

  In sum, Plaintiff has not set forth sufficient factual allegations to establish that the Employment Agreement at issue constituted an employment contract beyond the at-will relationship. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Iqbal, 129 S.Ct. at 1949-1950 ["[T]he tenet that a court must accept as true all of the



allegations contained in a complaint is inapplicable to legal conclusions"]. Therefore, the Defendant is entitled to dismissal of this cause of action. <u>Amazon</u>, 2011 WL 1100169, at * 6; <u>cf.</u> <u>Williams v. Intier Automotive Interiors of America, Inc.</u>, No. 09-1144, 2010 WL 5811848 (D.S.C. Nov. 5 2010); <u>see</u> <u>also</u> <u>Harper v. United States</u>, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].

**<u>Conclusion</u>**

Based on the foregoing, it is recommended that the Defendant's motion to dismiss Plaintiff's Third Cause of Action for Breach of Contract be **granted**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 26, 2012
Charleston, South Carolina

6



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



7