IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Cara Applegate, | ) | |
| | ) | C/A 2:12-738-RMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Kiawah Development Partners, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge ("R&R") recommending that this Court deny Defendant's motion for summary judgment. (Dkt. No. 61). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Cara Applegate ("Plaintiff") filed this civil action against her former employer, Kiawah Development Partners, Inc. ("Defendant"), alleging breach of contract and violation of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) DSC, this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. On July 25, 2012, the Court adopted an R&R of the Magistrate Judge dismissing Plaintiff's breach of contract claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 23). Subsequently, on February 1, 2013, Defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to Plaintiff's remaining FMLA claims. (Dkt. No. 53). On May 20, 2013, the Magistrate Judge issued an R&R recommending that the Court deny Defendant's motion for summary judgment. (Dkt. No.

1

61). Defendant then filed timely objections to the R&R (Dkt. No. 64) and Plaintiff filed a reply (Dkt. No. 65).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material

facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## Discussion

After review of the record, the R&R, and Defendant's objections, the Court finds the Magistrate Judge accurately portrayed the facts and legal principles in this case and therefore adopts the R&R as the order of the Court. The Court therefore incorporates by reference the R&R, and will address Defendant's objections below.

Defendant first objects that the Magistrate Judge erred when he determined that there was an issue of fact whether Plaintiff was entitled to be paid a monthly Incentive Service Fee ("ISF") while she was on FMLA leave. Defendant argues that Plaintiff's Employment Agreement (Dkt. No. 55-6) clearly establishes that Plaintiff was not entitled to ISF while she was on FMLA leave.

The Court, however, agrees with the Magistrate Judge's finding that nothing in the record conclusively establishes that Plaintiff was not entitled to ISF while on FMLA leave and that Plaintiff's Employment Agreement is far from clear on this issue. The Employment Agreement describes the ISF in a separate section as compensation in addition to her base salary which is contingent upon "satisfactory performance and Ms. Applegate . . . [being] actively employed in good standing at the time of payment(s)." (*Id.*). Defendant argues that the ISF must be considered subject to the terms of a separate section of her Employment Agreement titled "Miscellaneous Benefits" which incorporates the terms of Defendant's paid vacation and sick leave policies. Nothing in the contract mandates this interpretation. Further, there is evidence that the contract was not interpreted this way by the parties because Defendant never asked

3

Plaintiff to return portions of the ISF she was paid while out on leave in August 2010 or while she was out sick or on vacation earlier in the year.[1] Viewing the evidence in the light most favorable to Plaintiff, as it must, the Court agrees with the Magistrate Judge that an issue of fact exists as to whether Plaintiff was entitled to receive the ISF payments while out on FMLA leave.

Defendant next objects that the Magistrate Judge erred by applying outdated FMLA regulations in his R&R to conclude the ISF was akin to an attendance bonus which could not be denied while an employee was on FMLA leave. Defendant argues that, under the current regulations, an employer may deny an attendance bonus "so long as the employer also disqualifies employees from such attendance bonuses while on other 'equivalent leave.'" (Dkt. No. 64 at 12) (quoting 29 C.F.R. § 825.215(c)(2)). In this portion of the R&R, the Magistrate Judge addresses an alternative argument and it is not essential to the order denying summary judgment. (Dkt. No. 61 at 19) ("Even if, as Defendant contends, this payment should be classified as a bonus . . . ."). Further, there is an issue of fact whether the ISF is in fact a "bonus" or some other type of compensation not subject to that regulation. (*See* Dkt. No. 55-4 at 25).

Defendant also argues the Magistrate Judge erred by considering Plaintiff's time off from work in 2010 prior to taking FMLA leave because Plaintiff was never "officially" on vacation or sick leave from Defendant's perspective. (Dkt. No. 64 at 14-18). Defendant argues that since Plaintiff was never officially on vacation or sick leave earlier in 2010, she cannot have been treated more favorably during this period than when later on FMLA leave. Even assuming Defendant is correct, there is still a genuine issue of fact whether Plaintiff was entitled to ISF while on leave. As discussed above, the terms of her Employment Agreement do not clearly

---

[1] Defendant disputes that Plaintiff was ever officially on "sick leave" or "on vacation" prior to taking her FMLA leave in August 2010. As discussed below, the Court finds this argument does not eliminate genuine disputes of material fact.

4

indicate she should not receive ISF while on leave, and the evidence shows she did receive it in August 2010 after taking FMLA leave.

Finally, Defendant argues that the Magistrate Judge erred by ignoring multiple independent reasons for terminating Plaintiff separate from her writing and cashing ISF checks while out on FMLA leave. (Dkt. No. 64 at 20-33). Analyzing the case under the *McDonnell Douglas* framework, the Magistrate Judge found that Defendant presented legitimate, non-retaliatory reasons for terminating Plaintiff. However, the Magistrate Judge also found that Plaintiff had carried her burden of showing these independent reasons were pretext, and that the real reason for her termination was for exercising her rights under FMLA. Taken in a light most favorable to Plaintiff, the evidence shows that Defendant was alerted that Plaintiff had written checks to herself for the ISF fee[2] and then waited for her to cash one of the checks before immediately firing her. (Dkt. No. 61 at 25). Thus, there is evidence that the real reason she was terminated was for cashing the checks, and not the other legitimate reasons cited by Defendant. *See Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004) ("[T]he plaintiff can prove pretext by showing that the explanation is unworthy of credence or by offering other forms of circumstantial evidence sufficiently probative of retaliation.") (quotations omitted); *Fink v. Richmond*, C.A. No. DKC 2007-0714, 2009 WL 3216117, at *11 (D. Md. Sept. 29, 2009) ("The strength of the plaintiff's prima facie case, especially the existence of a causal connection, can be a significant factor in her attempt to rebut the defendant's legitimate non-retaliatory reason for the adverse action"). The Court agrees with the Magistrate Judge that there is an issue of fact whether the other reasons cited by Defendant were pretext.

---

[2] Plaintiff was authorized to write checks payable to herself.

## Conclusion

For the reasons set forth above, the Court agrees with and completely adopts the R&R as the order of the Court. (Dkt. No. 61). Accordingly, the Court DENIES Defendant's motion for summary judgment. (Dkt. No. 53).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 24, 2013
Charleston, South Carolina